**Order entered May 11, 2021**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00969-CV

## BRIGETTA D'OLIVIO A/K/A BRIGETTA ALIX ANDERSON, ALIX BRIGETTA, Appellant

### V.

## HILARY THOMPSON HUTSON, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-04855-2019**

### ORDER

Before the Court are appellant's April 19, 2021 motion to compel and correct the clerk's record and May 6, 2021 amended emergency motion to extend time to file her brief. Appellant asserts in the motion concerning the clerk's record that the record is deficient in three ways. First, she asserts the record omits the following documents which she requested and paid to have included in the record: (1) defendant's September 28, 2020 reply to plaintiff's response to motion for reconsideration, to set aside, and to dismiss, and accompanying certificate of

service; (2) defendant's October 2, 2020 supplemental reply to plaintiff's response to motion for reconsideration, to set aside, and to dismiss, and accompanying certificate of service; (3) plaintiff's October 13, 2020 response to supplemental reply; and, (4) defendant's October 13, 2020 reply to plaintiff's response to supplemental reply, and accompanying certificate of service. Second, she asserts the record omits the documents required by Texas Rule of Appellate Procedure 34.5(a)(9) (requests for reporter's record), 34.5(a)(10) (requests for clerk's records), and 34.5(a)(11) (certified bill of costs). Third, she asserts the August 11, 2020 final order included in the record is "not the same as the Certified Copy" she obtained from the district clerk.

We note that on April 7, 2021, we ordered Collin County District Clerk Lynne Finley to file a supplemental clerk's record containing the four documents appellant asserts were omitted and for which she has already paid. The Court has since been informed the supplemental record has been prepared but is being held for non-payment.

We also note that a review of the clerk's and supplemental clerk's records that have been filed reveals the only documents required by the appellate rules that appear to have been omitted are the request(s) for the reporter's record and plaintiff's January 5, 2021 "request for designation of additional items for clerk's record." Appellant does not assert she has paid for their inclusion.

Because a dispute exists as to the total payment(s) appellant has made for the clerk's record and the accuracy of the final order, we **ORDER** the trial court to conduct a hearing, **no later than June 11, 2021**, to determine (1) the total cost of the complete clerk's record, including the cost for inclusion of the omitted items, (2) the total amount of fees paid by appellant for the clerk's record, and (3) the accuracy of the final order included in the record. The trial court shall give the parties at least three days' notice of the hearing.

The trial court shall make written findings and have the findings filed in a supplemental clerk's record **no later than June 16, 2021**. A supplemental reporter's record of the hearing shall also be filed **no later than June 16, 2021**. Should the trial court determine that appellant requested and paid for documents not included in the clerk's record and/or determine the final order in the record is not accurate, the trial court shall order Ms. Finley to file, **within ten days of the hearing**, a supplemental clerk's record containing the omitted documents and corrected copy of the final order.

We **GRANT** appellant's extension motion to the extent we **SUSPEND** the briefing deadline pending resolution of the issues concerning the clerk's record.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable John Roach, Jr., Presiding Judge of the 296th Judicial District Court;

Ms. Finley; Janet L. Dugger, Official Court Reporter for the 296th Judicial District Court; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to conduct the requested hearing. The appeal shall be reinstated no later than June 25, 2021.

/s/    KEN MOLBERG
        JUSTICE